IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **'08 - CV - 01752**

(To be supplied by the court)

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Ahmad Pierson , Applicant,

AUG 18 2008

v.

GREGORY C. LANGHAM
CLERK

J.M.Wilner, Warden, FCI-Florence , Respondent.
(Name of warden, superintendent, jailer, or other custodian)

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

### A. PARTIES

1. Ahmad Pierson, #87079-012, FCI-Florence, P.O. Box 6000
   (Applicant's name, prisoner identification number, and complete mailing address)
   Florence, CO. 81226

2. J.M.Wilner, Warden, FCI-Florence, 5880 State Hwy 67 South,
   (Respondent's name and complete mailing address)
   Florence, CO. 81226

3. If you are not confined in a prison, jail, or other correctional facility, explain how you are in custody:

   NA

4. If you are confined in a prison, jail, or other correctional facility but the named respondent is not the warden, superintendent, or jailer at the prison, jail, or correctional facility in which you are confined, explain how the respondent is your custodian:

   NA

(Rev. 9/02/04)

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
AUG 11 2008
GREGORY C. LANGHAM
CLERK

## B. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "B. NATURE OF THE CASE."

The Respondent has refused to reconsider the Applicant's eligibility for the one-year sentence reduction afforded pursuant to Title 18 USC §3621(e)(2)(B) for participation in the BOP's 500 Hour Residential Drug and Alcohol Treatment Program referred to as RDAP.

## C. CLAIMS

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important. You do not need to cite specific cases to support your claim(s). If you need additional space to describe any claim or to assert additional claims, use extra paper to continue the claim or to assert the additional claims. Identify clearly any additional pages that you attach to this form.

CAUTION: In order to proceed in federal court, you ordinarily must exhaust administrative and/or state remedies for each claim that is asserted in this action.

1. Have you exhausted administrative and/or state remedies for each claim asserted in this action?   ___ Yes  _X_ No  (CHECK ONE)

2. If you answered "No" to question 1., list the claims for which you have not exhausted administrative and/or state remedies and explain why:

    Please See Attachments.

(Rev. 9/02/04)                                       2

3. Claim One: <u>The Respondent has refused to reconsider the Applican't eligibility for the one-year sentence reduction authorized pursuant to Title 18 USC §3621(e)(2)(B).</u>

   A. Supporting facts:

   Please see attachments

   B. Explain the steps you have taken to exhaust administrative and/or state remedies for this claim (attach proof of exhaustion, if available):

   Please see attachments.

4. Claim Two: <u>NA</u>

   A. Supporting Facts:

   NA

   B. Explain the steps you have taken to exhaust administrative and/or state remedies for this claim (attach proof of exhaustion, if available):

   NA

(Rev. 9/02/04)                    3

5.  Claim Three: _____NA_____

    A.  Supporting facts:

        NA

    B.  Explain the steps you have taken to exhaust administrative and/or state remedies for this claim (attach proof of exhaustion, if available):

        NA

## D. PRIOR APPLICATIONS

1.  Have you filed any prior action in federal court in which you raised or could have raised the claims raised in this action?    ___ Yes _x_ No  (CHECK ONE)

2.  If you answered "Yes" to question 1., give the following information for each prior federal court action challenging the execution of your sentence.

    A.  Name and location of court: _____NA_____

    B.  Case number: _____NA_____

    C.  Type of proceeding: _____NA_____

    D.  List the claims raised: _____NA_____

(Rev. 9/02/04)                    4

E. Were the claims in this action actually asserted in the prior action?   ___ Yes ___ No (CHECK ONE)   NA

F. Were the claims in this action available to be asserted in the prior action?   ___ Yes ___ No (CHECK ONE)   NA

G. Date and result (attach a copy of the decision if available):   NA

## E. REQUEST FOR RELIEF

I request the following relief: "Reconsider Mr.Pierson's eligibility for the one-year sentence reduction afforded pursuant to Title 18 USC §3621(e)(2)(B) and order Mr.Pierson to be provisionally eligible for the §3621(e) early release entitlement;" and, Any other relief deemed just and proper by this court.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   July 31th 2008
                  (Date)

_____
(Applicant's Original Signature)

(Rev. 9/02/04)        5

## INTRODUCTION

**COMES NOW** the applicant Ahmad Pierson [hereinafter to be known as Pierson] and moves this court for the issuance of a writ of habeas corpus therein requesting that the Respondent J.M.Wilner, Warden at the Federal Correctional Institution (FCI) Florence, and the Bureau of Prisons (BOP), reconsider Mr.Pierson's eligibility for the one-year sentence reduction afforded pursuant to Title 18 USC §3621(e)(2)(B) for successful participation in the BOP's 500 Hour Residential Drug and Alchohol Treatment Program (RDAP) offered by the BOP pursuant to Title 18 USC §3621(b).

## BACKGROUND

Mr.Pierson was charged with Bank Robbery in violation of Title 18 USC §2113(a) in the United States District Court for the District of Oregon.

Mr.Pierson ultimately plead guilty to the charged offense and on March 19, 2002 the defendant appeared before the Honorable Anna Brown, United States District Court Judge, for imposition of sentence.

The court imposed a 130 month term of imprisonment on the charged offense to be followed by the (3) years of supervised release. The hearing was concluded and Mr.Pierson was remanded into the custody of the U.S. Marshal Service for execution of sentence.

Mr.Pierson is currently confined at the Federal Correctional Institution (FCI) located in Florence, Colorado and he has a projected release date of January 11, 2011.

1

## DISCUSSION

Mr.Pierson has a long history of substance abuse that spans several decades. This fact is confirmed in the files and court records of the criminal prosecution underlying this action.

When Mr.Pierson arrived at FCC-Beaumont he requested the initial RDAP eligibility interview to qualify for possible participation in the BOP's 500 Hour Residential Drug and Alcohol Treatment Program (RDAP) offered pursuant to Title 18 USC §3621(b).

On January 25, 2008 Mr.Pierson was interviewed for participation in RDAP and was found to have a treatable condition of substance abuse. Thus qualifying Mr.Pierson for participation in RDAP during the period of incarceration. Unfortunately the Drug Treatment Coordinator at FCC-Beaumont declined to provisionally qualify Mr.Pierson for the one-year sentence reduction afforded pursuant to Title 18 USC §3621(e)(2)(B).

In this Pro-se petition Mr.Pierson seeks a redeterminate of his eligibility status for the one-year reduction because, he contends that his prior convictions for robberies are not final; and that because they are currently under appeal, these convictions can not be counted as disqualifying offenses which would preclude eligibility for the one-year reduction authorized by the United States Code.

## ARGUMENT

Congress mandates that the BOP provide substance abuse and addiction treatment to any prisoner that has a treatable condition of substance addiction or abuse. Title 18 USC §3621(b).

2

Relatedly, the United States Code provides one-year sentence reductions for those inmates convicted of nonviolent offenses who seccessfully complete the Bureau's comprehensive drug treatment program. Title 18 USC §3621(e)(2)(B). The sentence reduction afforded pursuant to Section 3621(e) has been recognized as a tangible incentive for those who complete the Bureau's treatment program. Cort v. Crabtree, 113 F.3d 1081, 1085 (9th Cir.1997). "A prisoners right to consideration for early release is a valuable one [that this court has] not hesitated to protect." Cort, 113 F.3d at 1085 (Citation omitted). BOP rules require an eligibility determination to be made when a prisoner requests admission into RDAP, and there are no restrictions on when that request can be made. Wade v. Daniels, 373 F.Supp.2d 1201, 1202 (D.Or.2005).

In this action Mr.Pierson requests a re-evaluation as to his eligibility for the one-year sentence reduction afforded pursuant to Title 18 USC §3621(e). Mr.Pierson claims that because the disqualifying offenses used by the respondent to deny him the sentence reduction are not final judgments, that they absolutely can not be used to disqualify him for provisional §3621(e) eligibility. See Marker v. Daniels, 2006 LEXIS 13894 *8. (D.Or.2006). For these reasons Mr.Pierson requests that this Court order the respondent to re-evaluate his eligibility for the one-year sentence offered pursuant to Title 18 USC §3621(e)(2)(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Mr.Pierson contends that any further attempt made to resolve this dispute administratively with the respondent would be an

3

exercise in futility. The respondent has taken the position that he is not eligible for the one-year sentence reduction afforded pursuant to §3621(e) and will not revisit that determination.

Mr.Pierson asserts that the adminsitrative remedy exhaustion requirement of Title 42 USC §1997(e) is not a jurisdictional mandate for habeas petitions filed pursuant to Title 28 USC §2241. Moreover, the exhaustion requirement of the Prison Litigation Reform Act can be waived if the process would be futile. See Jasper v. Federal Bureau of Prisons, 460 F.Supp.2d 76 (D.Co. 2006); See also Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007).

Based on these authorities Mr.Pierson prays that this court waive the administrative remedy exhaustion requirement on this case and rule on this petition for habeas relief based solely on its merit.

### REQUEST FOR APPOINTMENT OF COUNSEL

Mr.Pierson now moves this court for appointment of counsel pursuant to Title 18 USC §3006(A) of the Criminal Justice Act.

Appointment of counsel is authorized at any stage of a habeas proceeding in the interest of justice.

Therefore, in the interest of justice and fairplay Mr.Pierson respectfully requests the appointment of counsel for the remainder of this habeas corpus proceeding.

### CONCLUSION

For the reasons stated in the petition, Mr.Pierson prays that this court issue the writ of habeas corpus therein

4

commanding the respondent J.M.Wilner, Warden at the Federal Correctional Institution (FCI) Florence, and the Bureau of Prisons (BOP) to immediately:

> "Reconsider Mr.Pierson for the possible one-year sentence reduction offerred pursuant to Title 18 USC §3621(e) by excluding from consideration any prior conviction that is not yet final;" and,

Any other relief that is deemed just and proper by this Court.

DATED this 31ST day of July 2008 in Florence, Colorado.

Respectfully Submitted,

*Ahmad Pierson*
Ahmad Pierson, #87079-012
FCI Florence
P.O. Box 6000
Florence,CO. 81226

5

APPLICANTS EXHIBIT A.

Residential Drug Abuse Program Notice To Inmate

Exhibit A.

BP-S761.055 RESIDENTIAL DRUG ABUSE PROGRAM NOTICE TO INMATE  CDFRM
JAN 04
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| To PIERSON, AHMAD | Reg No. 87.079-012 |
|---|---|
| From Dr. T. Mischel | Institution FCC Beaumont, Medium, Texas |
| Title DAPC | Date 1/25/08 |

SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION

You have requested participation in the Bureau's Residential Drug Abuse Treatment Program. My review of your case indicates that you (✓ DO  ___ DO NOT) meet the admission's criteria for the Residential Drug Abuse Program. It appears that you (✓ DO  ___ DO NOT) qualify to participate in the Residential Program. State the reason(s) below.

Comments  Cocaine Dx

SECTION 2 - PROVISIONAL § 3621 (E) ELIGIBILITY (To be completed only if the inmate has completed or qualifies for the Residential Drug Abuse Treatment Program.)

For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "x")

| ✓ Not an INS detainee. | ✓ Not a pre-trial inmate. |
|---|---|
| ✓ Not a contractual boarder. | ✓ Not an "old law" inmate. |
| ✓ Not have a current crime that is an excluding offense in BOP categorization of offenses policy (Mark an "x" in the appropriate block on the right). | ✓ Not a crime of violence as contained in BOP Categorization of Offenses policy.<br><br>___ Not an excluding crime by the Director's discretion in Categorization of Offenses policy. |
| ✓ Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children. ||

My current assessment, in consultation with your unit team, is that it( ___ DOES  ✓ DOES NOT) appear that you are provisionally eligible for early release. If not, list ALL the reason(s).

Comments  Current offense and past convictions for robberies, considered violent offenses, preclude eligibility for 3621(e)

If applicable, I understand that a determination of early release for me is provisional, may change, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services.

| Inmate's Signature (indicate if refused to sign)  /s/ Ahmad Pierson | Refused to sign  ___ Yes  ___ No |
|---|---|

cc: Drug Abuse Treatment File; Unit Team (place in section 4 of inmate central file; Inmate

(This form may be replicated via WP)                  (This form replaces BP-S761 dtd DEC 03)