IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01752-BNB

AHMAD PIERSON,

Applicant,

v.

J. M. WILNER, Warden, FCI - Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 26 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Ahmad Pierson, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado (FCI-Florence). Mr. Pierson initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 together with an attached, supporting brief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In an order filed on September 30, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and to address the affirmative defense of exhaustion of administrative remedies. On October 17, 2008, Respondent filed a preliminary response. On October 30, 2008, Applicant filed a reply.

The Court must construe Mr. Pierson's application and reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Pierson currently is serving a 130-month sentence for bank robbery, to be followed by three years of supervised release. His projected release date, via good-conduct-time release, is January 11, 2011. He wants the BOP to reconsider his eligibility to earn one-year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) for successful participation of the BOP's 500-hour, residential drug and alcohol treatment program (RDAP) at FCI-Florence, and to order him to be provisionally eligible for a § 3621(e)(2)(B) early release. Section 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete a substance abuse treatment program. Under BOP regulations, the BOP director, at his or her discretion, may deny early release to inmates with adult convictions for robbery and bank robbery, which the BOP considers to be violent offenses.

Mr. Pierson alleges that he has a long-term history of substance abuse, and that in January 2008, while he was serving his sentence in another BOP facility, he was interviewed for participation in the RDAP. He further alleges that BOP staff informed him that under BOP regulations he was ineligible for the early release benefit because of his bank robbery conviction. Mr. Pierson does not deny that the bank robbery conviction renders him ineligible for early release under 18 U.S.C. § 3621(e). Instead, he argues that because he currently is appealing his conviction, a final judgment has

not been rendered and he should be deemed provisionally eligible for the sentence reduction upon completion of the RDAP.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Pierson. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

The BOP administrative remedy procedure provides that informal resolution attempts must be completed and a formal grievance submitted within twenty days after

3

the date on which the basis for the grievance occurred. *See* 28 U.S.C. § 542.14(a). The administrative remedy procedure also provides that a grievance must be submitted to the institution staff member designated to receive grievances, which ordinarily is a correctional counselor. *See* 28 C.F.R. § 542.14(c)(4). Finally, the BOP administrative remedy program provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *See* 28 C.F.R. § 542.18. A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. *See* 28 C.F.R. § 542.17(a).

Applicant concedes and the record confirms that he has not completed the process of exhausting BOP administrative remedies prior to initiating the instant lawsuit. He filed grievances at the institutional and regional levels, both of which have been denied. The grievance he filed on September 5, 2008, on the national level currently is pending. Mr. Pierson contends that exhaustion is futile. The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, Respondent contends that because Mr. Pierson has not completed the process of exhausting BOP administrative remedies, he cannot know whether his efforts to exhaust would be futile. The Court

agrees. Mr. Pierson fails to convince the Court that exhaustion of administrative remedies would be futile in the instant action.

Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 26 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01752-BNB

Ahmad Pierson
Reg. No. 87079-012
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/26/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk